# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDEN M. LABARGE, <br><br> Defendant. | No. 06-CR-05-LRR <br><br> **ORDER** |

On January 5, 2007, Defendant Branden M. LaBarge came before the court for a sentencing hearing ("Hearing") on his pleas of guilty to Counts 10 and 12 of the Superseding Indictment (docket no. 19). Assistant United States Attorney Daniel C. Tvedt represented the government. Attorney Raphael M. Sheetz represented Defendant. Defendant was personally present.

## *I. BACKGROUND*

On October 20, 2006, Defendant pled guilty before a United States magistrate judge to Counts 10 and 12 of the Superseding Indictment pursuant to a binding plea agreement ("Plea Agreement") with the government. *See* Federal Rule of Criminal Procedure 11(c)(1)(C); Plea Agreement at ¶ 11(D). With some limited exceptions, which are not relevant here, Defendant waived his right to appeal, so long as the court imposed a sentence of 384 months of imprisonment. *Id.* at ¶ 21. On November 6, 2006, the court accepted Defendant's guilty pleas.

Count 10 and Count 12 each charged Defendant with Carrying a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). Count 10 arose out of Defendant's armed robbery of a Family Video store in northeast Cedar Rapids in

December of 2005. Count 12 stemmed from Defendant's armed robbery of a Clark gas station in northwest Cedar Rapids in the same month. Counts 1-9, Count 11, Count 13 and Count 14 variously alleged that Defendant carried out four other armed robberies of businesses in Cedar Rapids in December of 2005. In the Plea Agreement, Defendant admitted to all of the robberies. Plea Agreement at ¶ 8.

At the Hearing, the court sentenced Defendant to serve 384 months of imprisonment. The court sentenced Defendant to 84 months of imprisonment on Count 10 and 300 months of imprisonment on Count 12, and ordered the two sentences to run consecutive to one another. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (requiring consecutive sentences). The court also ordered 60 months of supervised release and a $200 special assessment. On the government's motion, the court dismissed the remaining counts of the Superseding Indictment.

One contested issue arose at the Hearing. The government sought restitution for the numerous victims of Defendant's criminal activity. At the Hearing and in his responses to the Presentence Investigation Report ("PSIR"), Defendant agreed to pay restitution in the amounts of $44 to the HandiMart convenience store, 641 Edgewood Rd. NW, Cedar Rapids, IA 52405; $50 to the Flowerama flower shop, 3135 First Avenue SE, Cedar Rapids, IA 52402; $400 to the British Petroleum gas station, 535 First Avenue SW, Cedar Rapids, IA 52405; and $475 to the Clark gas station, 502 E Avenue NW, Cedar Rapids, IA 52405. *See* PSIR at ¶ 48; December 1, 2006 Letter from Jane Kelly, Assistant Federal Public Defender, to Brian Draves, Senior United States Probation Officer. Defendant objected, however, to paying restitution in the amount of $950.41 to Ms. Mary C. McInrey, an employee of the Flowerama flower shop.

After taking evidence and hearing arguments on the limited issue of restitution to Ms. McInrey, the court reserved ruling on Defendant's objection. The instant Order

follows.

## II. THE ISSUE

The sole issue in the instant Order is whether, pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A *et seq.*, the court must order Defendant to pay restitution to Ms. McInrey. The government bears the burden to prove the amount of restitution by a preponderance of the evidence. *United States v. Miller*, 419 F.3d 791, 792 (8th Cir. 2005).

## III. FACTUAL FINDINGS

On December 18, 2005, Ms. McInrey was working at the Flowerama flower shop. Defendant robbed both the store and Ms. McInrey. Defendant pointed a gun at Ms. McInrey's head and ordered her to hand over the money in the shop's cash register, the money in her purse and the keys to her car.

Immediately following the robbery, Ms. McInrey felt tightness and pain in her chest. The next day, Ms. McInrey went to her medical doctor. The doctor diagnosed Ms. McInrey with post-traumatic stress disorder ("PTSD"), prescribed medications and ordered her to not work.

In accordance with her doctor's orders, Ms. McInrey took time off from her job at the Physician's Clinic of Iowa, from December 19, 2005 to January 3, 2006.[1] Ms. McInrey was paid for her time off, however, because she used sixty-three hours of accrued leave, so-called "paid-time off" or "PTO." As a direct and proximate consequence of Defendant's actions, Ms. McInrey expended $20 on a co-pay for the doctor's appointment,

---

[1] Ms. McInrey works two jobs. Although the Flowerama apparently gave her paid-time off, her other employer, the Physicians Clinic of Iowa, did not. The lost wages at issue in this Order stem from the use of paid-time off at her Physicians Clinic of Iowa job.

$11.87 on medication for PTSD and $918.54 in PTO.[2]

## IV. ANALYSIS

Under the MVRA, a sentencing court is required to order restitution to a victim of a crime of violence under certain, enumerated circumstances. 18 U.S.C. § 3663A(a)-(c). The MVRA defines "victim" as "a person directly and proximately harmed as the result of the commission of a [crime of violence]." *Id.* § 3663A(a)(2). If restitution is appropriate, it is mandatory and must be ordered to be paid without regard to the defendant's ability to pay. *See id.* § 3664(f)(1)(A) ("In each order of restitution, the court shall order to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); *see also United States v. Senty-Haugen*, 449 F.3d 862, 865 (8th Cir. 2006) (same).

With respect to psychological treatment and expenses, the MVRA requires the court to order the defendant to order restitution "*in the case of an offense resulting in bodily injury* to a victim." 18 U.S.C. § 3663A(b)(2) (emphasis added). Specifically, the defendant must

> (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> . . . .
>
> (C) reimburse the victim for income lost by such victim as a result of such offense.

---

[2] Ms. McInrey presently earns $14.58/hour. When multiplied by sixty-three hours, this results in a total lost wage of $918.54. When PTO is paid out, it is paid out at the rate the employee earns at termination.

*Id.* In considering nearly identical language in another statute, the Eighth Circuit Court of Appeals has observed that such language "authorizes restitution for professional services for psychiatric and psychological care in cases where the offense results in bodily injury to a victim." *United States v. Reichow*, 416 F.3d 802, 806 (8th Cir. 2005) (construing nearly identical language in 18 U.S.C. § 3663(b)(2)(A)). Such language does not provide for restitution in the absence of bodily injury. *Id.*

The court holds that Defendant is not required to pay Ms. McInrey restitution under the MVRA. PTSD is a psychological injury, not a bodily injury. *See Moe v. United States*, 326 F.3d 1065, 1069 (9th Cir. 2003) (stating that PTSD is a psychological injury). Accordingly, the court may not order Defendant to pay restitution under the MVRA. 18 U.S.C. § 3663A(b)(2).

*Reichow* is highly instructive, if not binding upon the court. In *Reichow*, the defendant robbed a bank. *Reichow*, 416 F.3d at 804. He was armed with a semiautomatic AK-47 rifle, a 30-round magazine, a second fully-loaded magazine taped to the rifle and three more loaded magazines in a bandolier that he was wearing. *Id.* The defendant fired the rifle twice outside the bank and once at the ceiling when he entered the bank. *Id.* The bank's employees incurred psychological counseling expenses as a result of the robbery. *Id.*

The district court ordered the defendant to pay restitution for the psychological counseling. *Id.* The Eighth Circuit Court of Appeals reversed. *Id.* at 805-06. Because there was no evidence that the bank employees suffered any "bodily injury," the court held that there was no statutory authority for the court to authorize restitution for psychological counseling. *Id.* at 806.

The government attempts to distinguish *Reichow* on two grounds. First, the government contends that *Moore v. United States*, 178 F.3d 994 (8th Cir. 1999), permits

5

the court to award restitution under the MVRA in the absence of bodily injury. In *Moore*, the Eighth Circuit Court of Appeals held that a bank customer, who was present at an armed bank robbery but apparently uninjured, was entitled to restitution "for lost wages incurred as the result of time giving statements, identifying suspects, and preparing for and testifying at trial." *Moore*, 178 F.3d at 1001.

*Moore* is clearly distinguishable. In *Moore*, the district court and the Eighth Circuit Court of Appeals premised the restitution award on another subsection of the MVRA, 18 U.S.C. § 3663A(b)(4). Section 3663A(b)(4) requires the court to order the defendant to "reimburse the victim for lost income . . . incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4) (quoted in *Moore*, 178 F.3d at 1001). Unlike § 3663A(b)(4), which permits restitution "in any case," § 3663A(b)(2) is narrower and only permits restitution "in the case of an offense resulting in bodily injury to a victim." The government is not seeking reimbursement for expenses incurred during the investigation or prosecution of Defendant, but rather for a psychological injury inflicted during the robbery.

In the alternative, the government attempts to distinguish *Reichow* by arguing that Ms. McInrey *did*, in fact, suffer "bodily injury." The government points to Ms. McInrey's testimony at the Hearing that she felt tightness and pain in her chest immediately after the robbery. The uncontroverted medical evidence, however, is that Defendant inflicted a psychological injury, PTSD, upon Ms. McInrey. *See* Gov't Exhibit 2, *passim*. PTSD is not a bodily injury. *Moe*, 326 F.3d at 1069. The chest tightness and pain that Ms. McInrey suffered after the robbery were *symptoms* of PTSD, not *injuries* in themselves. This is not a case in which the defendant inflicted bodily injury, such by stabbing, shooting or sexually assaulting the victim. *Cf. United States v. Julian*, 242 F.3d 1245, 1246-47 (10th Cir. 2001) (holding minor victims of defendant's sexual abuse were

6

entitled to restitution for counseling expenses).

Accordingly, the court shall not order Defendant to pay restitution to Ms. McInrey, because she did not suffer any "bodily injury." 18 U.S.C. § 3663A(b)(2).[3] The court recognizes that its decision may seem unjust, because psychological injuries can undoubtedly be more painful and more financially burdensome than some bodily injuries.[4] Fundamentally, however, it is not the province of this court "to ignore the judgment of Congress, deliberately expressed in legislation." *In re Sac & Fox Tribe of Miss. in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 760 (8th Cir. 2003) (citations omitted).

---

[3] The court notes that there is another problem with an award of restitution to Ms. McInrey. The Seventh Circuit Court of Appeals has held that, under the MVRA, ordinarily "both the amount of the restitution award and the persons to whom such an award may be directed are limited by the circumstances of the offense for which the defendant had been *convicted*." *United States v. Randle*, 324 F.3d 550, 556 (7th Cir. 2003) (emphasis in original); *see also Hughey v. United States*, 495 U.S. 411, 413 (1990) (observing, under the similarly worded Victim and Witness Protection Act that the district court may only authorize restitution for loss caused by "the specific conduct that is the basis of the offense of conviction").

In this case, Defendant was not convicted of robbing the Flowerama, and there are no provisions in the Plea Agreement regarding restitution. *Cf.* 18 U.S.C. § 3663A(a)(3) ("The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."); *United States v. Peterson*, 268 F.3d 533, 534-35 (7th Cir. 2001) (holding that 18 U.S.C. § 3663A(a)(3) does not require that the victims and amounts be written in the plea agreement); *id.* at 535 (holding that defendant waived argument regarding restitution on appeal when he agreed in the district court to make such restitution) (citing, in part, *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). At the Hearing, Defendant expressly waived all objections to any of the restitution awards based on such an offense-of-conviction argument.

[4] For example, suppose a bank robber points a gun at the head of a teller, sheaths his gun and later pushes a unwitting pedestrian as he enters his get-away car. The teller develops severe PTSD and undergoes years of therapy, but the pedestrian escapes with a small bruise. Surely the teller suffers more than the pedestrian?

"'Federal Courts possess no inherent authority to order restitution and may only do so as explicitly empowered by statute.'" *United States v. Nichols*, 169 F.3d 1255, 1278 (10th Cir. 1999) (quoting *United States v. Hensley*, 91 F.3d 274, 276 (1st Cir. 1996)). Clearly, Congress is entirely within its authority to limit restitution to only those victims that suffer bodily injury. As a consequence, the court has no authority to award restitution under the MVRA to Ms. McInrey.

## V. RESTITUTION ORDER

Defendant is ordered to pay restitution in the total amount of $969, *i.e.*, $44 to the HandiMart convenience store, 641 Edgewood Rd. NW, Cedar Rapids, IA 52405; $50 to the Flowerama flower shop, 3135 First Avenue SE, Cedar Rapids, IA 52402; $400 to the British Petroleum gas station, 535 First Avenue SW, Cedar Rapids, IA 52405; and $475 to the Clark gas station, 502 E Avenue NW, Cedar Rapids, IA 52405. Because Defendant is indigent, the restitution is not due and payable immediately. 18 U.S.C. § 3664(f)(2) (directing district court to consider the financial resources and projected earnings of the defendant in determining the manner and schedule in which restitution is to be made); *see United States v. Ruff*, 420 F.3d 772, 776-77 (8th Cir. 2005) (Loken, C.J., concurring) (explaining that restitution from indigent defendants is not due immediately).

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA